UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00324-MR

| | | |
|---|---|---|
| EDWIN MEDEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BEEN CARDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

**I.      BACKGROUND**

Pro se Plaintiff Edwin Medel ("Plaintiff") is a North Carolina state inmate currently incarcerated at Marion Correctional Institution ("Marion") in Marion, North Carolina. He filed this action on October 28, 2021, pursuant to 42 U.S.C. § 1983, naming the following Defendants: (1) Been Carder, identified as the Superintendent of Marion; (2) FNU Bullis, identified as the "ASSP Superintendent of Operations" at Marion; (3) David Cothron, identified as the "ASSP Superintendent of Program" at Marion; (4) Grge [*sic*] Swink, identified as Program Supervisor of the Rehabilitation Diversion Unit

(RDU)[1] at Marion; (5) FNU Suttle, identified as the Assistant Program Supervisor of the RDU at Marion; (6) the North Carolina Department of Public Safety (NCDPS); and (7) Todd Ishee, identified as the NCDPS Director of Prisons. [Doc. 1 at 2-4]. Plaintiff purports to sue all Defendants in their individual and official capacities. [See id.]. Plaintiff's Complaint appears to be solely based on his placement in the RDU program when he arrived at Marion on September 22, 2020. [See id. at 9]. Plaintiff does not allege what constitutional or federal statutory right(s) he believes were violated. [See id. at 3]. Plaintiff also fails to allege that he suffered any injury as a result of his placement in the RDU program. [See id. at 8]. Plaintiff seeks declaratory, injunctive, and monetary relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A

---

[1] The RDU program at Marion "was created as part of North Carolina Department of Public Safety's (NCDPS) recent policy reforms regarding restrictive housing in the North Carolina prisons." Covington v. Lassiter, No. 1:16-cv-00387, 2017 WL 3840280, at *5 (W.D.N.C. Sept. 1, 2017). "[T]he RDU program was designed to help people transition from Control to regular population through the provision of targeted behavioral programming and increasing privileges, congregate activity, and out-of-cell time." Id. (internal quotations omitted).

2

Case 1:21-cv-00324-MR    Document 7    Filed 11/18/21    Page 2 of 7

the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff does not allege which constitutional right(s) he contends his placement in the RDU program violated. The Court, therefore, addresses

those claims fairly raised by Plaintiff's Complaint. Giving Plaintiff the benefit of a very generous inference, these include potential claims under the Eighth and Fourteenth Amendments.

### A. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.3d 1375, 1381 (4th Cir. 1993). Plaintiff's sole allegation that he was placed in Marion's RDU program does not satisfy the very high standards for cruel and unusual punishment under the Eighth Amendment. See De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); Lattimore v. Doe, No. 1:13CV692, 2014 WL 197807, at **1-3 (M.D.N.C. Jan. 14, 2014). Plaintiff, therefore, has failed to state a claim

under the Eighth Amendment.

B.     **Fourteenth Amendment**

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The Supreme Court has repeatedly held that a prisoner has no constitutional right under the due process clause to be incarcerated in a particular facility or to be held in a specific security classification, barring some showing by the prisoner that her confinement posed an atypical and significant hardship in relationship to the ordinary incidents of prison life. See Wilkinson v. Austin, 545 U.S. 209 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hewitt v. Helms, 459 U.S. 460, 468 (1976). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including

5

administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement ... is within the sentence imposed ... and is not otherwise violative of the Constitution.'") (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)).  Here, Plaintiff has not stated a cognizable due process claim in relation to his placement in the RDU program.

The Court will, however, allow Plaintiff the opportunity to amend his complaint to state a claim for relief, if the facts support such an amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review.  The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted.  Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint.  Piecemeal amendment will not be permitted.  Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action

without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: November 18, 2021

Martin Reidinger
Chief United States District Judge